# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GAIL OLDHAM., | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. CIV-20-512-J |
| | ) |
| (1) SODEXO, INC., | ) (*Removed from the District Court of* |
| (2) SODEXO OPERATIONS, LLC | ) *Oklahoma County, State of Oklahoma,* |
| d/b/a SUBWAY | ) *Case No. CJ-2020-962)* |
| | ) |
| *Defendants*. | ) |

## **NOTICE OF REMOVAL**

Defendants Sodexo, Inc. and Sodexo Operations, LLC d/b/a Subway (collectively "Defendants") remove the above-captioned action from the District Court of Oklahoma County, State of Oklahoma to the United States District Court for the Western District of Oklahoma under 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

1. Plaintiff commenced this action, entitled *Gail Oldham v. Sodexo Inc., and Sodexo Operations, LLC, d/b/a Subway*, Case No. CJ-2020-962 (the "Action") by filing a Petition with the District Court of Oklahoma County, State of Oklahoma, on February 18, 2020. Ex. 1.

2. The Petition is attached as Exhibit 1. The Summons for Defendant Sodexo Operations, LLC is attached as Exhibit 2. Plaintiff's Counsel filed an Entry of Appearance on February 18, 2020. Exhibit 3. Defendants' Counsel filed an Answer on May 21, 2020. Exhibit 4. A copy of the state court docket sheet is attached as Exhibit 5.

There are no motions pending before the Oklahoma County District Court in this matter, or any currently set hearings regarding the same. *See* Ex. 5.

3. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, 1446 because Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

4. Written notice of the filing of this Notice of Removal will be given to Plaintiff and to the State court promptly after filing the Notice of Removal pursuant to 28 U.S.C. § 1446.

**I.     Defendants have satisfied the procedural requirements for removal.**

5. Defendant Sodexo Operations, LLC was served with copies of the Summons and Petition on May 1, 2020. *See* Ex. 2. Defendant Sodexo Inc. has not been served with copies of the Summons and Petition as of the date of filing this Notice.

6. Additionally, under 28 U.S.C. § 1446(b), the United States District Court for the Western District is the appropriate court for filing this Notice of Removal from the District Court of Oklahoma County, State of Oklahoma, where the Action is currently pending. *See* 28 U.S.C. § 116(c).

**II.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and thus, removal is proper.**

7. Pursuant to 28 U.S.C. § 1332(a), the Western District of Oklahoma has diversity jurisdiction; in order to assume jurisdiction, the Action must (A) be a civil action where the amount in controversy exceeds the sum or value of $75,000,exclusive of

interest and costs; and (B) there exists complete diversity of citizenship between Defendants and Plaintiff. Defendants may therefore remove this Action pursuant to 28 U.S.C. § 1441(a).

### A. The amount-in-controversy requirement is satisfied.

8.      When a defendant removes an action to federal court on the basis of diversity, "the defendant's amount-in-controversy allegations should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 553 (2014). If the amount in controversy allegation is challenged or questioned, removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 553–54 (internal quotation marks omitted).

9.      In this case, the Petition seeks "judgment against Defendants in an amount in excess of $75,000.00." Ex. 1, p.2. Plaintiff has alleged past medical bills of approximately $5,000.00, future medical bills of approximately $10,000.00, and she claims additional damages for pain and suffering. Therefore, Plaintiff has placed more than $75,000 in controversy in this case.

### B. Complete diversity of citizenship exists between Plaintiff and Defendants.

10.     Upon information and belief, Plaintiff Gail Oldham is an individual who resides in the State of Oklahoma, and is a citizen of Oklahoma for jurisdictional purposes.

11.     Defendant Sodexo, Inc. is a Delaware corporation with its principal place of business in Maryland. Therefore, Sodexo, Inc. is deemed to be a citizen of Delaware and Maryland. 28 U.S.C. § 1332(c)(1).

12. Defendant Sodexo Operations, LLC is a Delaware limited liability company whose sole member, Sodexo, Inc., is a citizen of Delaware and Maryland. Therefore, Defendant Sodexo Operations, LLC is deemed to be a citizen of Delaware and Maryland. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905–06 (10th Cir. 2015).

13. Because Plaintiff it a citizen of Oklahoma, and Defendants are citizens of Delaware, and Maryland, complete diversity exists.

## CONCLUSION

For these reasons, Defendants hereby remove this Action to the United States District Court for the Western District of Oklahoma in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. Defendant respectfully requests that this Court assume jurisdiction over this Action and that all further proceedings in the State Court action be stayed.

Respectfully submitted,

/s *Christian S. Huckaby*
Christian S. Huckaby, OBA #16131
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone:   (405) 235-9621
Facsimile:    (405) 235-0439
chris.huckaby@mcafeetaft.com

**Attorney for Defendants Sodexo, Inc., and Sodexo Operations LLC**

## Certificate of Service

This certifies that on June 1, 2020, I electronically filed the attached document with the Clerk of Court using the CM/ECF system for electronic filing. A Notice of Electronic Filing will be automatically transmitted to the CM/ECF registrants currently on file. In addition, I caused a copy of the above to be sent via first-class mail with proper postage fully prepaid:

Patrick H. Lane, OBA #30885
Jordan M. LePage, OBA #32446
Ball, Morse, Lowe
531 Couch Drive, Suite 201
Oklahoma City, OK 73102
plane@ballmorselowe.com
jlepage@ballmorselowe.com

**Attorneys for Plaintiff**

*/s/ Christian S. Huckaby*
Christian S. Huckaby